UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

GREGORIO RAMOS, FRANK ODDO and
ENID RIVERA,

                                Plaintiffs,

                 -against-

Police Officer ALBERT ARONOV, Shield No.
20282; Police Officer GABRIEL VELEZ, Shield
No. 15923; and JOHN and JANE DOE 1 through
10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiffs demand a trial by jury in this action.

## PARTIES

6.      Plaintiff Gregorio Ramos  ("plaintiff" or "Mr. Ramos") is a resident of

Kings County in the City and State of New York.

7.      Plaintiff Frank Oddo  ("plaintiff" or "Mr. Oddo") is a resident of Kings

County in the City and State of New York.

8.      Plaintiff Enid Rivera  ("plaintiff" or "Ms. Rivera") is a resident of Kings

County in the City and State of New York.

9.      Defendant Police Officer Albert Aronov, Shield No. 20282 ("Aronov"),

at all times relevant herein, was an officer, employee and agent of the NYPD.

Defendant Aronov is sued in his individual and official capacities.

10.     Defendant Police Officer Gabriel Velez, Shield No. 15923 ("Velez"), at

all times relevant herein, was an officer, employee and agent of the NYPD.

Defendant Velez is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were

police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through

10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

### STATEMENT OF FACTS

14.     At approximately 1:00 p.m. on February 18, 2013, plaintiffs Frank Oddo and his brother Gregorio Ramos were lawfully in the vicinity of Knickerbocker Avenue and Linden Street in Brooklyn, New York.

15.     Plaintiffs observed a police vehicle, without lights or sirens, run through an intersection and almost hit another vehicle.

16.     Plaintiffs then observed the officers outside of their vehicle screaming at the driver of the other vehicle.

17.     Mr. Oddo began to videotape the officers' conduct.

18.     Defendants aggressively approached the plaintiff brothers and arrested them.

19.     Defendants verbally abused and assaulted the plaintiff brothers.

20.     Defendants further assaulted plaintiff Ramos as he lay on the ground handcuffed, including by kneeing his back, punching and kicking him and stepping on

his ankles.

21.    Plaintiff Enid Rivera, the mother of the plaintiff brothers, observed her sons handcuffed and asked officers what was going on.

22.    Officers grabbed Ms. Enid and put her in handcuffs.

23.    Plaintiffs were taken to the 83rd Precinct.

24.    While transporting Mr. Ramos to the Precinct, defendants continued to punch him in his ribs.

25.    Plaintiffs were searched at the Precinct.

26.    Mr. Ramos sought medical treatment but was denied.

27.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs engage in *inter alia* obstruction of government administration, disorderly conduct, menacing and resisting arrest and prepared false paperwork to that effect, including arrest reports.

28.    At no point did the officers observe plaintiffs engage in illegal activity including obstruction of government administration, disorderly conduct, menacing or resisting arrest.

29.    Eventually plaintiffs were transported to Central Booking.

30.    At some point on February 19, 2013, plaintiffs were arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

31.     After approximately 24 hours in custody, plaintiffs were released.

32.     Plaintiffs suffered damage as a result of defendants' actions, including a fractured rib suffered by plaintiff Gregorio Ramos.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### Unlawful Stop and Search

33.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

35.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

36.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

38.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

39.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

41.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

42.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43.     The individual defendants created false evidence against plaintiffs.

44.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

45.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional

right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth

Amendments of the United States Constitution.

46.    As a direct and proximate result of this unlawful conduct, plaintiffs

sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

47.    Plaintiffs repeat and reallege each and every allegation as if fully set forth

herein.

48.    The individual defendants were aware of a risk to plaintiffs' safety and a

need for medical care and failed to act in deliberate indifference to plaintiffs' needs.

49.    Accordingly, defendants violated the Fourteenth Amendment because

they acted with deliberate indifference to plaintiffs' medical needs and safety.

50.    As a direct and proximate result of this unlawful conduct, plaintiffs

sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### First Amendment Retaliation

51.    Plaintiffs repeat and reallege each and every allegation as if fully set forth

herein.

52.    By their conduct, as described herein, and acting under color of state law

to deprive the plaintiffs of their right to freedom of speech under the First and

Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiffs' First Amendment rights to speech by unlawfully denying their right to speak freely by subjecting them to false arrest and excessive force to deter the exercise of their First Amendment rights. Defendants' actions were taken in retaliation for plaintiffs' exercising his First Amendment rights.

53.     As a consequence of the individual defendants' actions, plaintiffs have suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiffs have fear and apprehension that they will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing their First Amendment-protected activities.

54.     As a direct and proximate result of the individual defendants' unlawful actions, plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM
### Failure To Intervene

55.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

56.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

58.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.


DATED:    February 28, 2013
          New York, New York

                    HARVIS WRIGHT
                    SALEEM & FETT LLP


                    _____
                    Gabriel Harvis
                    305 Broadway, 14th Floor
                    New York, New York 10007
                    (212) 323-6880
                    gharvis@hwsflegal.com

                    *Attorney for plaintiffs*